T. E. HILLS *vs.* F. B. RIX and another.

June 23, 1890.

**Written Contract—Oral Agreement.**—Rule that a prior or contemporane-ous oral agreement cannot be proved for the purpose of varying a written contract, applied.

On December 12, 1888, plaintiff and others executed a written instrument agreeing to pay defendants "$100 for each share of stock set opposite our respective names in the Cleveland Bay Horse Com-pany, which is now being formed at Heron Lake to buy the im-ported stallion Topthorne at $1,800," of the defendants, "payments to be made by two joint notes of equal amounts due in one and two years from February, 1889," with interest.    Plaintiff subscribed for two shares.    At the same time it was orally agreed between the plaintiff and defendants that plaintiff should receive a deduction of $75 from the price of his shares.    On December 22, 1888, the notes required by the agreement were given, each having indorsed upon it: "Paid on the within note $37.50 by T. E. Hills."    At the same time the defendants executed to the company a bill of sale of the horse Topthorne, at the same time agreeing that the company might have the horse Lord Studley in place of Topthorne, if it should so elect within 20 days.    The subscribers unanimously chose to take Lord Studley, whereupon the notes already given were surrendered, and de-fendants demanded new notes for the price, ($1,800,) which the plain-tiff refused to sign.    The defendants delivered Lord Studley to the

company, but refused to sell or deliver to plaintiff any shares in the company or any interest in the horse. The plaintiff thereupon brought this action in justice's court to recover $75—the difference between the value of the shares and the price according to the oral agreement. Plaintiff had judgment, and the defendants appealed, on questions of law only, to the district court for Jackson county, where the action was heard by *Perkins*, J., on the return of the justice, which included a transcript of the evidence. The court found the facts as above stated, and ruled that the written contract could not be varied by the oral agreement, and reversed the justice's judgment. Plaintiff appeals from the judgment of the district court.

*Wilson Boarst* and *L. F. Lammers*, for appellant.

*Geo. W. Wilson*, for respondents.

GILFILLAN, C. J. The written contract for the sale of the horse to the plaintiff and his associates stated the price at $1,800, at the rate of $100 per share for eighteen shares, of which plaintiff subscribed for two. Plaintiff cannot make out his case, as he states it in his complaint and claims it to be on the evidence, without showing that defendants agreed with him to take $125 instead of $200 for his two shares. This he offered and was permitted by the justice to show by a prior or contemporaneous oral agreement between plaintiff and defendants to that effect. Of course that was error. The defendants raised the objection on the first opportunity after the written contract was in evidence so that it could be made. The two notes were no part of the contract of sale, but were given some days after its execution and in performance of it.

Judgment affirmed.